IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL KEITH HARVEY,

    Petitioner,

v.

GARY SWARTHOUT, Warden,

    Respondent.

No. C 11-3032 SBA (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; AND DENYING A CERTIFICATE OF APPEALABILITY**

(Docket no. 11)

## INTRODUCTION

Petitioner Darryl Keith Harvey, an inmate at San Quentin State Prison, filed a pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 16, 2011. Before the Court is Respondent's motion to dismiss the instant petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In the alternative, Respondent argues that the petition is procedurally barred by the California Supreme Court's finding that Petitioner's state habeas petition was untimely under state law.

Having read and considered the papers submitted and being fully informed, the Court GRANTS the Respondent's motion and dismisses the petition.

## BACKGROUND

On March 23, 1989, a San Mateo County Superior Court jury found Petitioner guilty of four counts of oral copulation, one count each of rape by force, sexual battery, robbery, as well as false imprisonment, and found true allegations that he used a deadly weapon during the commission of his crimes. (Pet., Ex. A at 24-25.) On May 5, 1989, the trial court found true an allegation that Petitioner had suffered a prior conviction and sentenced him to sixty-one years in state prison. (Id.)

On November 21, 1990, the California Court of Appeal affirmed the judgment. (MTD, Ex. 1.) On March 13, 1991, the California Supreme Court denied review. (Id., Ex. 2.)

On November 12, 1991, Petitioner filed a state habeas petition in the San Mateo County Superior Court, which was denied on February 11, 1992. (Pet., Ex. D at 35.) On February 25, 1992, Petitioner filed a state habeas petition in the California Court of Appeal, which was denied on March

2, 1992. (MTD, Ex. 3.) On March 17, 1992, Petitioner filed a state habeas petition in the California Supreme Court, which was denied on May 27, 1992. (Id., Ex. 4.)

On July 6, 1992, Petitioner filed a second habeas petition in the California Supreme Court, which was denied on August 26, 1992. (Id., Ex. 5.)

On December 22, 1992, Petitioner filed a federal habeas petition in this Court, which was dismissed on February 9, 1993 for failure to exhaust state court remedies. See Harvey v. Borg, Case no. C 92-4961 SBA (PR).

On March 23, 1993, Petitioner filed a second federal habeas petition in this Court, which on March 30, 1994 was also dismissed for failure to exhaust state court remedies. See Harvey v. White, Case no. C 93-1033 SBA (PR).

On May 18, 1994, Petitioner filed a second state habeas petition in the San Mateo County Superior Court, which was denied on July 22, 1994. (Pet., Ex. D at 35.)

On June 2, 2009, Petitioner filed a third state habeas petition in the San Mateo County Superior Court, which was denied in a reasoned opinion on July 10, 2009. (Id. at 34-35.)

On September 11, 2009, Petitioner filed a motion for reconsideration, which was denied on September 18, 2009. (Id. at 37.)

On April 14, 2010, Petitioner filed a second state habeas petition in the California Court of Appeal, which was denied on April 19, 2010. (MTD, Ex. 6.)

On August 26, 2010, Petitioner filed a third state habeas petition in the California Supreme Court, which was denied on March 30, 2011. (Id., Ex. 7; Pet, Ex. E at 42.)

On May 16, 2011, Petitioner filed the present petition -- his third federal habeas petition in this Court, in which he raised ineffective assistance of counsel. (Pet. at 6B.)

On August 5, 2011, this Court ordered Respondent to show cause why the petition should not be granted. (Docket no. 8.)[1]

On November 7, 2011, Respondent filed his motion to dismiss (docket no. 11). On November 18, 2011, Petitioner filed his opposition (docket no. 13). On December 19, 2011,

---

[1] The Court notes that on September 8, 2011, another Order to Show Cause was issued; however, it appears that it was duplicative of the previously-issued August 5, 2011 Order to Show Cause.

2

1 Respondent filed his reply to the opposition (docket no. 16). On January 18, 2012, Petitioner filed a
2 response to the reply (docket no. 17).

## DISCUSSION

AEDPA imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the Petitioner from filing; (C) the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). AEDPA's one-year time limit did not begin to run against any state prisoner before the date of the Act's enactment. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitation period to commence before AEDPA's enactment would have an impermissible retroactive effect), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

A prisoner with a state conviction finalized before April 24, 1996 -- such as Petitioner's 1989 conviction -- had one year from the enactment of AEDPA, i.e., April 24, 1997, to file a federal habeas petition on time. See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001). The present federal habeas petition was filed on May 16, 2011, over fourteen years after the limitations period had expired. His petition is barred as untimely under 28 U.S.C. § 2244(d)(1), unless he can show that he is entitled to statutory tolling, equitable tolling, or a delayed commencement of the limitations period.

**I.    Statutory Tolling**

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C.

3

§ 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), abrogated on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Here, Petitioner filed five state habeas petitions, each of which was denied prior to the April 24, 1996 enactment of AEDPA, and thus, prior to the beginning of the limitations period. Therefore, they have no impact on tolling. See Rambert v. Varner, 2002 WL 1608225, at *2 (E.D. Pa. 2002) ("Rambert's first petition for collateral review concluded in 1986, well before the enactment of [AEDPA's] limitations period . . . [t]hus his state petition[] can not act to toll the statute of limitations.").

Petitioner filed his last three state habeas petitions in 2009 and 2010, twelve and thirteen years, respectively, after the April 24, 1997 expiration of the limitations period. An application for state post-conviction or other collateral review filed after the limitations period has ended cannot toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed, even if the state petition was timely filed.). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. See Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (once the limitations period has expired, collateral petitions can no longer serve to avoid the statute of limitations). Therefore, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because the limitations period had already expired prior to the filing of his last three state habeas petitions.

Accordingly, statutory tolling is not sufficient to overcome the time bar to Petitioner's federal habeas petition.

## II. **Equitable Tolling**

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "When

external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288. The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418; accord Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006)).

The Ninth Circuit has held that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). When a prisoner is proceeding pro se, his allegations regarding diligence in timely filing a federal petition must be construed liberally. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006).

Where a prisoner fails to show any causal connection between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas petition, the equitable tolling claim fails. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005), amended, 447 F.3d 1165 (9th Cir. 2006). He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence. Bryant v. Arizona Attorney Gen., 499 F.3d 1056, 1061 (9th Cir. 2007).

Here, Petitioner argues that the limitations period should be equitably tolled based

5

1  on ineffective assistance of his trial and appellate counsel.[2]

2  First, Petitioner argues that his "trial counsel could have made objections to the sentencing
3  concerning [his] substantive and procedural rights to the law under In re Winship[3] and Mullaney[4]
4  [and] his trial counsel's omission[]s in that regard violate[d] [his] Sixth Amendment right to
5  effective assistance of counsel." (Opp'n at 7.)[5] Petitioner adds that his appellate counsel was also
6  ineffective because he failed to properly raise the ineffectiveness of his trial counsel on appeal. (Id.)
7  At most, Petitioner is merely attempting to argue the merits of his petition by reiterating his claims
8  for ineffective assistance of his trial and appellate counsel. The Court presumes Petitioner is
9  requesting that his claims be heard on grounds that they may be meritorious; however, the
10  presentation of allegedly meritorious claims does not excuse his untimely filing. More importantly,
11  the Court notes that Petitioner does not allege attorney misconduct or show how his allegations of
12  ineffective assistance of counsel prevented his timely filing of a federal habeas petition.

13  The Ninth Circuit has held that attorney misconduct may constitute an extraordinary
14  circumstance warranting equitable tolling only where the conduct is "sufficiently egregious."
15  Spitsyn, 345 F.3d at 800. In Spitsyn, equitable tolling was deemed warranted where the attorney

---

[2] In the reply, Respondent argues the following: "Nor does [P]etitioner's assertion that he lost his sentencing documents provide support for an equitable tolling claim." (Reply at 3.) However, the Court finds that Petitioner does not raise such a claim for equitable tolling. In his opposition, as mentioned above, Petitioner mostly reiterates his claim of ineffective assistance of trial and appellate counsel. In doing so, Petitioner explains that he "submits Exhibit 'A' as evidentiary support of the sentencing proceedings and trial proceedings because he lost those transcripts . . . as well as the Reporter's transcript and Clerk's transcript for appeal." (Opp'n at "3 of 6'A'" to "3 of 6'B.'") Petitioner does not claim that these lost transcripts provide support for equitable tolling to excuse his delay in filing his federal petition. Instead, he requests the Court to accept "his sworn verification for the true accounts to the best of his knowledge [about] all relevant proceedings and allegations alleged herein." (Id. at "3 of 6'B.'") Even if the Court construed this as a claim for equitable tolling, the Court still finds Petitioner's lack of diligence fatal to such a claim because he presumably had access to these transcripts after his conviction became final in 1991, but he still did not file a timely state habeas petition to warrant statutory tolling or a timely federal habeas petition. See Pace, 544 U.S. at 418; see also Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (lost legal papers did not justify equitable tolling because petitioner was not diligent during the time when the legal papers were available to him).

[3] In re Winship, 397 U.S. 358 (1970).

[4] Mullaney v. Wilbur, 421 U.S. 684 (1975).

[5] Page seven is actually the sixth page of Petitioner's opposition, but it is numbered as page seven. The Court notes that page six is misplaced. It is located between pages eight and nine.

6

1  was hired nearly a full year in advance of the deadline but failed to prepare and file a petition, and
2  was contacted by the petitioner and his mother numerous times by telephone and in writing. Here,
3  Petitioner does not allege that his trial or appellate counsel demonstrated similar "sufficiently
4  egregious" misconduct. Petitioner does not claim that he was misled by either his trial or appellate
5  counsel. In fact, Petitioner only offers allegations that are attributable to a difference in opinion as
6  to trial strategy or his claims on appeal, or they could also amount, at most, to attorney negligence.

       Attorney negligence and poor lawyering are not sufficient bases for tolling to the section 2244(d)(1) limitations period. See Holland, 130 S. Ct. at 2564. Again, Petitioner does not explain a causal connection between the alleged attorney negligence of his trial and appellate counsel, and his inability to file a timely federal habeas petition.

       Because Petitioner fails to show any causal connection between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas petition, the equitable tolling claim should be denied. See Gaston, 417 F.3d at 1034-35 (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error). Furthermore, Petitioner fails to show that his untimeliness was caused by an extraordinary circumstance, instead, it was caused by his own lack of diligence as evidenced by his failure to file a timely state habeas petition to warrant statutory tolling, as explained above. See Bryant, 499 F.3d at 1061 (no equitable tolling where petitioner was not diligent in that he failed to seek any state court relief for six years, or to take advantage of available paralegal assistance).

       Accordingly, in the absence of a causal connection between the alleged ineffective assistance of his trial and appellate counsel and the inability to timely file his federal petition, and without a showing of reasonable diligence by Petitioner, equitable tolling is unavailable on this ground. Cf. Spitsyn, 345 F.3d 796, 800-01 (9th Cir. 2003) (equitable tolling appropriate where attorney was retained to file and prepare petition, failed to do so, and disregarded requests to return files pertaining to petitioner's case until well after the date the petition was due; remanding on issue of whether petitioner exercised reasonable diligence).

### III. **Delayed Commencement of the Limitations Period**

As mentioned above, a petitioner may attempt to justify the late filing of his habeas petition by demonstrating his eligibility for a delayed commencement of the limitations period under either subheadings (B), (C) or (D) of § 2244(d)(1). Here, Petitioner asserts that the right granted in Cunningham v. California, 539 U.S. 270 (2007), entitles him to a delayed commencement of the limitations period under § 2244(d)(1)(C).

Delayed commencement under § 2244(d)(1)(C) requires as its predicate a constitutional right that is (1) newly recognized by the Supreme Court, and (2) made retroactive to cases on collateral review. The first prong of this analysis requires consideration of Cunningham's place in the Supreme Court's jurisprudence on the role of the Sixth Amendment in sentencing. In 2000, in Apprendi v. New Jersey, the Supreme Court held that "any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." 530 U.S. 466, 476 (2000) (citation omitted). Four years later in Blakely v. Washington, the Court ruled that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. 296, 303 (2004). Then, in United States v. Booker, the Court held that Blakely applied to the federal sentencing guidelines, and determined that sentences imposed under the guidelines violated the Sixth Amendment if they were based on facts determined by the judge and exceeded the sentences which would have been imposed based solely on facts found by the jury or admitted by the defendant. 543 U.S. 220, 288-90 (2005). Finally, in Cunningham, the Court held that the imposition of an upper-term sentence under the California sentencing laws, based on facts not tried to a jury, violates the Sixth Amendment. 549 U.S. at 293.

In Butler v. Curry, the Ninth Circuit examined the Apprendi-Blakely-Booker line of cases in order to determine whether or not the rule announced in Cunningham was a "new rule" for purposes of retroactivity under Teague v. Lane, 489 U.S. 288, 301 (1989). Butler v. Curry, 528 F.3d 624 (9th Cir. 2008). The court held that the rule announced in Cunningham was not new; to the contrary, it was "compelled by precedent" as of 2005, when Cunningham's conviction became final. Butler, 528 F.3d at 634. In particular, the Cunningham decision was compelled by the Supreme Court's

8

1 2004 decision in <u>Blakely</u>, and was simply an application of the rule announced in <u>Blakely</u>.  <u>Butler</u>,
2 528 F.3d at 635; <u>see</u> <u>also</u> <u>Collett v. Salazar</u>, 588 F. Supp. 2d 1107, 1110 (C.D. Cal. 2008) (citing
3 <u>Butler</u> for the determination that <u>Cunningham</u> was not a new rule).  Therefore, the right in
4 <u>Cunningham</u> is not "newly recognized" within the meaning of § 2244(d)(1)(C).

5       In addition to recognizing a new right, a Supreme Court case must also be retroactively
6 applicable to cases on collateral review in order to serve as the predicate for a delayed
7 commencement of the limitations period under § 2244(d)(1)(C).  Petitioner is correct in asserting
8 that the Ninth Circuit held in <u>Butler</u> that <u>Cunningham</u> "may be applied retroactively on collateral
9 review." <u>Butler</u>, 528 F.3d at 639.  However, § 2244(d)(1)(C) requires a right that is both newly
10 recognized by the Supreme Court and applicable retroactively.  The determinative inquiry for
11 whether this Court can consider Petitioner's claims is whether he is entitled under § 2244(d)(1)(C) to
12 a delayed commencement of the limitations period on the date the <u>Cunningham</u> decision was issued,
13 not simply whether or not <u>Cunningham</u> is retroactive.  As mentioned above, Petitioner's reliance on
14 <u>Cunningham</u> fails on the first prong of § 2244(d)(1)(C).  Therefore, the Court need not decide the
15 second prong of whether <u>Cunningham</u> could apply retroactively to convictions finalized prior to
16 <u>Blakely</u> (issued in 2004), as in Petitioner's case.

17       Petitioner also discusses the Supreme Court's decision in <u>Blakely</u>.  (Opp'n, Attach., Ex. B at
18 "3 of 6'O.'")  In contrast to <u>Cunningham</u>, in <u>Blakely</u> the Supreme Court announced a new rule.
19 <u>Shardt v. Payne</u>, 414 F.3d 1025, 1038 (9th Cir. 2005).  However, under <u>Teague</u>, <u>Blakely</u> is not
20 retroactive.  <u>Id.</u>  Therefore, even if <u>Blakely</u> provided Petitioner with a "newly recognized" right
21 under § 2244(d)(1)(C), that right is not retroactive.  Furthermore, even if <u>Blakely</u> were retroactive
22 and Petitioner's limitations period commenced with the Supreme Court's decision in <u>Blakely</u> in
23 2004, his 2011 petition would still be untimely.

24       Because none of the cases on which Petitioner relies upon meets both prongs of § 2244(d)(1)(C),
25 he is not entitled to a delayed commencement of the limitations period and the petition is untimely.[6]

---

[6] Because the Court has determined that Petitioner is not entitled to a delayed commencement of the limitations period based on the right granted in <u>Cunningham</u>, it need not consider Petitioner's argument that "the <u>Cunningham</u> decision was not available to [him] until it was announced in (2007) by the Supreme Court." (Opp'n at 7.)  Nor does the Court need to address

9

In sum, Petitioner's federal habeas petition is untimely, and he has not offered the Court a sufficient reason why he should be entitled to statutory tolling, equitable tolling, or a delayed commencement of the limitations period. Accordingly, the Court GRANTS Respondent's motion to dismiss. Because the Court finds that the petition for writ of habeas corpus is untimely, it need not address Respondent's alternative argument that the petition is procedurally defaulted.

**IV.     Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability (COA) in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1.     Respondent's motion to dismiss (docket no. 11) is GRANTED, and this action is DISMISSED with prejudice.

2.     A certificate of appealability is DENIED. Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

3.     The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

4.     This Order terminates Docket no. 11.

IT IS SO ORDERED.

DATED: 9/28/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

Petitioner's argument stating that because his "transcripts were unavailable long before Cunningham was announced, he had no way to research any procedural and substantive entitlements to Cunningham . . . ." (Id. at 8.)

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DARRYL KEITH HARVEY,

        Plaintiff,

v.

GARY SWARTHOUT et al,

        Defendant.

Case Number: CV11-03032 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl Keith Harvey E-16700
California State Prison - San Quentin
San Quentin, CA 94964

Dated: October 11, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\HC.11\Harvey3032.grantMTD(untimely).wpd   11